IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| HEATHER N. SPENCER, ) | |
| ) | C.A. No. 3:14-cv-04479-CMC |
| Plaintiff, ) | |
| ) | OPINION AND ORDER |
| v. ) | ON MOTION TO DISMISS |
| ) | |
| WALGREEN CO., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion to dismiss the action based on Plaintiff's failure to comply with the requirements of S.C. Code §§ 15-36-100 and -125. ECF No. 5. This motion is granted for the reasons set forth below.

Section 15-36-100 applies to a broad range of professional malpractice actions and requires, *inter alia*, that "the plaintiff must file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit." S.C. Code § 15-36-100 (B). Section 15-79-125 applies specifically to medical malpractice claims and requires Plaintiff to file and serve a "Notice of Intent to Sue" and engage in pre-suit discovery and mediation prior to proceeding with litigation. S.C. Code § 15-79-125. The requirements of Section 15-36-100 are incorporated into the pre-suit requirements of Section 15-79-125. *Ranucci v. Crain*, 409 S.E.2d. 493, 502-04 (S.C. 2014) (reasoning that, "although sections 15-79-125 and 15-36-100 are distinct in their operational procedures, it is evident the General Assembly promulgated the statutes to work in concert for the common purpose of tort reform involving all professional negligence claims." ).

Defendant argues that both sections are applicable to this action because Plaintiff alleges malpractice by a pharmacist. ECF No. 5-1 at 2-3 (citing Section 15-79-110(3), which defines "health care provider" to include a pharmacist and related legal entity). Defendant further asserts that Plaintiff failed to satisfy the pre-suit requirements of Section 15-79-125 (which incorporates the requirements of Section 15-36-100). ECF No. 5-1 at 3-4. The record supports Defendant's position, in that the Complaint fails to allege that the statutory prerequisites to suit have been satisfied.

Plaintiff has not filed any opposition to Defendant's motion. This leaves Defendant's factual assertions and legal arguments unchallenged.

Under these circumstances, the court finds Defendant's motion well supported. The matter is, therefore, dismissed without prejudice to refiling after Plaintiff satisfies the statutory prerequisites to litigation. Judgment shall be entered accordingly.

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
December 10, 2014